UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-CV-20017-JEM

THE HONORABLE JOSE E. MARTINEZ

| | |
|---|---|
| MELANIE DAMIAN, in her capacity as a court-appointed Receiver, on behalf of Surge Capital Ventures, LLC and others similarly situated,<br><br>              Plaintiff,<br><br>  -against-<br><br>DEEL INC., a Delaware corporation, DPayments LLC, a Delaware limited liability company, and Jeremy Berger, individually,<br><br>              Defendants. | ORAL ARGUMENT REQUESTED |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1
I.  PLAINTIFF FAILS TO STATE A CLAIM AND MUST BE DISMISSED. ........................ 2
A.  Plaintiff Fails To Identify Any Cognizable Injury. ................................................................ 2
B.  Plaintiff Fails To Establish Proximate Cause Between Defendants' Actions and Any Alleged Injuries. ................................................................................................................... 3
C.  Plaintiff Has Not Alleged the Existence of a Distinct RICO Enterprise. .............................. 5
D.  Plaintiff Does Not Plead a Plausible Pattern of Racketeering Activity. ................................ 7
i.  Plaintiff Fails To Plead Money Laundering as a Predicate Act. ............................................ 7
ii.  Plaintiff's Allegations of Violations of the Bank Secrecy Act Do Not Constitute Predicate Acts. ....................................................................................................................................... 7
iii.  Plaintiff's Unlicensed Money Transmission Allegations Lack Specificity. ........................ 9
II.  THE COURT SHOULD DISMISS WITH PREJUDICE, OR IN THE ALTERNATIVE, TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA. ....................................................... 10
CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Almanza v. United Airlines, Inc.*,
    851 F.3d 1060 (11th Cir. 2017) ...............................................................................................6

*Bell Atl. Corp v. Twombly*,
    550 U.S. 544 (2007)................................................................................................................10

*Bell v. Am. Traffic Sols., Inc.*,
    371 F. App'x 488 (5th Cir. 2010) .............................................................................................3

*Berber v. Wells Fargo, NA*,
    798 F. App'x 476 (11th Cir. 2020) (per curiam) .....................................................................9

*Brahim v. Holder*,
    No. 13-23275-CIV, 2014 WL 2918598 (S.D. Fla. June 26, 2014)............................................6

*California Pacific Bank v. FDIC*,
    885 F.3d 560 (9th Cir. 2018) ....................................................................................................8

*Cattaneo v. Turo, Inc.*,
    No. C21-0071-JCC, 2021 WL 3540232 (W.D. Wash. July 30, 2021) .................................1, 3

*Cedric Kushner Promotions Ltd. v. King*,
    533 U.S. 158 (2001)..................................................................................................................6

*Compound Prop. Mgmt., LLC v. Build Realty, Inc.*,
    462 F. Supp. 3d 839 (S.D. Ohio 2020) .....................................................................................6

*Gulbalis v. U.S. Citizenship & Immigr. Servs. Kendall Field Off.*,
    642 F. App'x 953 (11th Cir. 2016) ........................................................................................10

*Heffernan v. HSBC Bank USA*,
    No. 1:99CV07981, 2001 WL 803719 (E.D.N.Y. Mar. 29, 2001) ........................................8, 9

*JERMC LTD v. Town of Redington Shores*,
    No. 8:20-CV-2215-TPB-AAS, 2021 WL 633547 (M.D. Fla. Feb. 18, 2021)...........................3

*Knights v. C. R. Bard Inc.*,
    No. CV 19-11911-FDS, 2023 WL 6142437 (D. Mass. Sept. 20, 2023)....................................5

*Loftin v. KPMG LLP*,
    No. 02-81166-CIV, 2003 WL 22225621 (S.D. Fla. Sept. 10, 2003)........................................7

*Losch v. Nationstar Mortg. LLC*,
   No. 22-12421, 2024 WL 1282459 (11th Cir. Mar. 26, 2024)......................................................4

*MSP Recovery Claims, Series LLC v. Caring Voice Coal., Inc.*,
   722 F. Supp. 3d 1296 (S.D. Fla. 2024) .........................................................................................5

*Omnipol, a.S. v. Worrell*,
   421 F. Supp. 3d 1321 (M.D. Fla. Oct. 17, 2019) *aff'd sub nom. Omnipol, A.S.
   v. Multinational Def. Servs., LLC*, 32 F.4th 1298 (11th Cir. 2022).......................................7, 8

*Pincus v. Speedpay, Inc.*,
   161 F. Supp. 3d 1150 (S.D. Fla. 2015) .........................................................................................3

*Plunkett v. Poyner*,
   No. 08-60953-CIV-COHN, 2009 WL 5176542 (S.D. Fla. Dec. 22, 2009)................................5

*Ray v. Spirit Airlines, Inc.*,
   836 F.3d 1340 (11th Cir. 2016) ..........................................................................................5, 6, 7

*SEC v. Brent Seaman., et al.*,
   Case No. 1:23-cv-22791 (S.D. Fla. filed July 27, 2023) .............................................................4

*Singh v. Illusory Systems, Inc.*,
   727 F. Supp. 3d 500 (D. Del. 2024)..............................................................................................4

*Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*,
   904 F.3d 1197 (11th Cir. 2018) ....................................................................................................6

*Treiber v. Aspen Dental Mgmt., Inc.*,
   94 F. Supp. 3d 352 (N.D.N.Y. 2015), *aff'd*, 635 F. App'x 1 (2d Cir. 2016) .............................2

*United States v. Flashdot Ltd.*,
   Case No. 1:24-cr-00168 (S.D.N.Y. Mar 21, 2024)..............................................................9, 10

*United States v. Salman*,
   378 F.3d 1266 (11th Cir. 2004) ..................................................................................................10

*Viridis Corp. v. TCA Glob. Credit Master Fund, LP*,
   155 F. Supp. 3d 1344 (S.D. Fla. 2015) .........................................................................................5

*Wade v. Daniels*,
   36 F.4th 1318 (11th Cir. 2022) ...................................................................................................10

*Zia v. CitiMortgage, Inc.*,
   210 F. Supp. 3d 1334 (S.D. Fla. 2016) .........................................................................................3

**Statutes**

18 U.S.C. § 1956.................................................................................................................................7

18 U.S.C. § 1957 ................................................................................................................7

18 U.S.C. § 1960 ................................................................................................................9

18 U.S.C. § 1961 *et seq*. ............................................................................................. *passim*

31 U.S.C. § 5311 *et seq*. ..................................................................................... 7, 8, 9, 10

Florida Stat. Ann. § 560.1401 ............................................................................................9

**Other Authorities**

*FAQs*, Fla. Dep't of Bus. & Prof. Reg.,
   https://www2.myfloridalicense.com/unlicensed-activity-
   faqs/#1627503292552-e2ed256a-50ac ......................................................................9

## INTRODUCTION

Plaintiff's Opposition doubles down on a frivolous complaint fraught with legal deficiencies and false allegations—all motivated by a bad-faith effort to smear Deel's reputation as the premier global human resources platform. The Opposition fails to engage with Defendants' arguments, ignores contrary legal authority, and attempts to save a complaint that comes nowhere near meeting the bar for stating a cause of action under RICO. The Court should dismiss Plaintiff's baseless Complaint for four reasons, each of which is sufficient independently to warrant dismissal.

***First***, Plaintiff lacks standing because she has not suffered any cognizable injury attributable to Defendants. Plaintiff was a victim of Mr. Seaman and his investment fraud, not a victim of any action by Deel, DPayments, or Mr. Berger. Plaintiff nevertheless conjures up a purported injury in her Opposition: doing business with a company that supposedly lacked proper licenses to transmit money. Opp. at 19. Plaintiff's eleventh-hour pivot cannot save the Complaint. Courts hold routinely that the type of supposed licensure-based harm alleged by Plaintiff, without more, is not a cognizable injury. *See, e.g.*, *Cattaneo v. Turo, Inc.*, No. C21-0071-JCC, 2021 WL 3540232, at *2 (W.D. Wash. July 30, 2021). Plaintiff is required to show an injury above and beyond the mere fact that a service provider lacked a requisite license, but she makes no attempt to plead or identify such an injury here.

***Second***, even if a lack of licensure were enough to constitute an injury (and it is not), Plaintiff's claim still fails for lack of causation. The entire genesis for this suit on behalf of Surge Capital is harm arising from transactions initiated by Mr. Seaman, an intervening actor who broke the chain of causation through his fraudulent investment scheme—for which he paid millions of dollars in disgorgement and civil penalties. Plaintiff argues without basis that Mr. Seaman's fraud is somehow "irrelevant," Opp. at 17, but Plaintiff's position ignores the entire context and basis for her ill-conceived claim, brought as a receiver who was appointed in the very fraud action she now seeks to disclaim. Plaintiff also makes the entirely frivolous allegation that proximate cause cannot be decided on a motion to dismiss. *See id.* at 17 n.30. In support, Plaintiff cites only a single case from another jurisdiction—which was decided ***on summary judgment***—and she ignores a host of cases dismissing RICO claims on the pleadings for lack of proximate cause.

***Third***, Plaintiff has not pled a legally cognizable RICO enterprise. Plaintiff fails to overcome—or even acknowledge—Eleventh Circuit law holding that a RICO enterprise cannot consist solely of a corporation and its agents or employees, as well as case law establishing an

1

enterprise's purpose must amount to more than the mere pursuit of profit.  Plaintiff also attempts to amend her Complaint in the Opposition by adding new allegations, but those attempts are procedurally improper and do not allege the plausible existence of a distinct RICO enterprise.

*Fourth*, there is no plausible allegation of racketeering activity in the Complaint, let alone a pattern of racketeering activity required to state a claim under RICO.  Plaintiff does not allege essential elements of her salacious claims of money laundering, and in baselessly challenging the performance of Deel's compliance personnel, *see* Opp. at 16, she fails to plead any predicate criminal act.  Plaintiff fails to engage with half a dozen authorities cited by Defendants on this point, confirming her allegations of unlicensed money transmission are baseless.  *See* Mot. at 15.

For these reasons and those that follow, as well as the reasons in Defendants' opening brief, the Court should dismiss the Complaint with prejudice, as Plaintiff's Opposition makes evident that no amendment could cure these deficiencies.  If the Court does not dismiss, it should transfer this action to the Middle District of Florida, Ft. Myers Division.

## ARGUMENT

### I.   PLAINTIFF FAILS TO STATE A CLAIM AND MUST BE DISMISSED.

#### A.  Plaintiff Fails To Identify Any Cognizable Injury.

For the first time in her Opposition, Plaintiff attempts to articulate the alleged injury she purportedly suffered.  But Plaintiff's "injury" is insufficient to afford her Article III standing because it is hypothetical and insufficient as a matter of law.

Plaintiff stakes her entire suit on the premise that, by doing business with Deel, Surge Capital was injured by Deel's purported lack of proper money transmission licenses.  *See* Opp. 18–20.  That allegation is flawed from the start because mere lack of licensure by a service provider is not a cognizable legal injury under Article III.  In *Treiber v. Aspen Dental Mgmt., Inc.*, 94 F. Supp. 3d 352, 359 (N.D.N.Y. 2015), *aff'd*, 635 F. App'x 1 (2d Cir. 2016), for example, the plaintiffs alleged they were harmed because the defendants charged fees for services without requisite licensing.  The court dismissed plaintiffs' complaint, holding they "lack standing as they fail to allege that they suffered an actual injury."  *Id.* at 363.  Purchasing a product or service from an unlicensed seller or service provider—absent some further misconduct aimed at the plaintiffs such as billing for services they did not receive or suffering a specific harm from a defective service provided—is not enough to establish injury.  *Id.*  Similarly, in *Cattaneo*, 2021 WL 3540232, at *2 , the plaintiff argued she suffered injury after renting a vehicle from a company she alleged was not

2

properly licensed under state law. The court held that the plaintiff lacked Article III standing because she failed to articulate how a lack of licensure, standing alone, harmed her given the absence of any other specific harm. *Id. See also JERMC LTD v. Town of Redington Shores*, No. 8:20-CV-2215-TPB-AAS, 2021 WL 633547, at *2, n.2 (M.D. Fla. Feb. 18, 2021) (defendant's retention of unlicensed inspector, even if "wrong," did not constitute an injury against plaintiff); *Bell v. Am. Traffic Sols., Inc.*, 371 F. App'x 488, 489–91 (5th Cir. 2010) (holding motorists did not suffer an injury and therefore lacked standing to bring claim against speed camera contractor for failure to obtain a license to issue tickets as required under Texas law). Plaintiff's purported harm is not a cognizable injury and does not confer standing under Article III.

As Plaintiff's Complaint and Opposition make clear, she cannot identify **any** instance where Deel's purported lack of licensure caused her any particularized harm. Instead, Plaintiff stakes her argument on a single case, *Pincus v. Speedpay, Inc.*, 161 F. Supp. 3d 1150 (S.D. Fla. 2015), which Plaintiff mischaracterizes in her effort to create standing where none exists. *Pincus* did not address standing under the civil RICO statute or Article III. *See* Opp. at 18–19. Rather, the defendant in that case sought to establish a private right of action under a specific Florida statute related to the imposition of surcharges on credit card payments. *See Pincus*, 161 F. Supp. 3d at 1152–58. The case contained no discussion as to whether the plaintiff suffered an injury under Article III or RICO. *See generally id.* The case adds nothing to the relevant analysis because the question of whether a private right of action exists under state law is wholly distinct from the question of Article III standing. *See, e.g.*, *Zia v. CitiMortgage, Inc.*, 210 F. Supp. 3d 1334, 1341 (S.D. Fla. 2016) (stating that, following the Supreme Court's 2016 decision in *Spokeo*, the principle that a state law creating a statutory right "per se confers standing . . . has been rendered a nullity"). Plaintiff has cited no authority to undermine the wealth of case law establishing that a lack of licensure does not constitute an injury. Plaintiff's claim should be dismissed for lack of standing.

### B. Plaintiff Fails To Establish Proximate Cause Between Defendants' Actions and Any Alleged Injuries.

Even if Plaintiff had alleged a cognizable injury, her RICO claim still fails as a matter of law for lack of proximate cause. Mr. Seaman's investment fraud was the genesis for this action and an intervening cause that severed any causal link between Plaintiff's purported injury and Defendants' supposed misconduct. *See, e.g.*, *Singh v. Illusory Systems, Inc.*, 727 F. Supp. 3d 500 (D. Del. 2024). In response, Plaintiff summarily contends that "Seaman's conduct is irrelevant."

3

Opp. at 17.  That is wrong.  Plaintiff is a "court appointed Receiver" in the *SEC v. Seaman* "enforcement action filed in this Court (Case No. 23-cv-27791-KMW) by the Securities and Exchange Commission (the 'SEC')."  Compl. ¶ 3.  The entire basis for this lawsuit is the underlying SEC action aimed at Mr. Seaman's investment fraud.  *See* Mot. at 4.  Any harm alleged here necessarily is connected to Mr. Seaman's misconduct.

Plaintiff tries to sidestep the SEC action by arguing, incorrectly, that the SEC action remains outside the purview of the record on a motion to dismiss.  That is wrong, too.  It is well settled that the Court may take judicial notice of the pleadings and filings in the SEC action.  *See, e.g., Losch v. Nationstar Mortg. LLC*, No. 22-12421, 2024 WL 1282459, at *2 (11th Cir. Mar. 26, 2024) ("A court may, of course, take judicial notice of a pleading.").  Plaintiff invites the Court to ignore the undisputed context of her suit—including Surge Capital's connection to Mr. Seaman and his investment fraud and her status as Receiver.  *See* Opp. at 6.  Nothing in law or logic requires the Court to look the other way in assessing proximate cause.

Plaintiff also fails meaningfully to engage with *Singh v. Illusory Systems, Inc.*, which is on point with the facts alleged here and confirms Plaintiff's claim should be dismissed for lack of proximate cause.  727 F. Supp. 3d at 500.  There, as here, a third-party unlawful actor was the intervening cause that severed any causal link to Defendants in an alleged RICO scheme.  *Id.* at 508–09.  Plaintiff asserts *Singh* is irrelevant because the plaintiff there "specifically sought damages for acts caused by others."  Opp. at 19.  But that is exactly the point.  Notwithstanding her attempt to distance herself from her own Complaint, Plaintiff here seeks to recover damages caused by **Mr. Seaman's** acts.  But as in *Singh* where the injury arose from subsequent unlawful actions by third parties, 727 F. Supp. 3d at 508–09, Plaintiff's civil RICO claim cannot survive where the genesis of the claim is transactions that were part of an investment fraud scheme by a third party.  There is no proximate cause under Plaintiff's theory of the case.

In a last-ditch effort, Plaintiff makes the frivolous assertion that the Court cannot assess proximate cause on a motion to dismiss.  *See* Opp. at 17 n.30.  That is not the law.  Courts routinely decide motions to dismiss on proximate cause grounds, including in civil RICO cases like this one.  *See, e.g.*, *Viridis Corp. v. TCA Glob. Credit Master Fund, LP*, 155 F. Supp. 3d 1344, 1358 (S.D. Fla. 2015) (dismissing RICO claim where "[p]laintiffs have failed to establish proximate causation"); *MSP Recovery Claims, Series LLC v. Caring Voice Coal., Inc.*, 722 F. Supp. 3d 1296, 1317 (S.D. Fla. 2024) (holding "[a] plaintiff must properly plead that a defendant's conduct

proximately caused her RICO injury," and dismissing for failure to adequately plead proximate cause). Plaintiff's sole citation for her unfounded assertion, *Knights v. C. R. Bard Inc.*, No. CV 19-11911-FDS, 2023 WL 6142437, at *7 (D. Mass. Sept. 20, 2023), is an unpublished decision from another Circuit—and it holds nothing of the sort. *See* Opp. at 17 n.30.

### C. Plaintiff Has Not Alleged the Existence of a Distinct RICO Enterprise.

Plaintiff's RICO claim fails because she does not allege the existence of a legally cognizable RICO enterprise. Eleventh Circuit law precludes the possibility of RICO enterprise composed solely of a corporation and its agents or employees or an enterprise whose sole purpose is the ordinary pursuit of profit. *See Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1352 n.3, 1357 (11th Cir. 2016). That is all Plaintiff alleged in her Complaint, and her attempt to amend that Complaint through conclusory and baseless statements in her Opposition is insufficient to avoid dismissal. *See Plunkett v. Poyner*, No. 08-60953-CIV-COHN, 2009 WL 5176542, at *4 (S.D. Fla. Dec. 22, 2009).

***First***, Plaintiff has not alleged a distinct RICO enterprise beyond Deel, its alleged "affiliate" and "alter ego" DPayments, and its "employee" and "agent" Mr. Berger. Compl. ¶¶ 9, 12. In her Opposition, Plaintiff argues there are numerous other parties that comprise the enterprise, including Binance, T-Bank, My Forex Fund, and "other unidentified persons and 'partners.'" Opp. at 9–10. Those allegations are squarely at odds with the text of the Complaint.

In Paragraph 29 of the Complaint, Plaintiff defines the "Deel RICO Enterprise" as "the Defendants"—that is, Deel, Inc., DPayments LLC, and Jeremy Berger—making no mention of other individuals or entities. Recognizing her failure to plead a proper enterprise, Plaintiff now attempts to backfill her Complaint with allegations that are simply not there. "My Forex Fund"— which now is supposedly part of the Deel RICO Enterprise, Opp. at 9—is not named even ***once*** in Plaintiff's Complaint, let alone included in the definition of the "Deel RICO Enterprise" in Paragraph 29. Plaintiff does not allege Binance to be part of the enterprise; the Complaint merely mentions that Deel partnered with the company at one point in time. Compl. ¶ 21. And to the extent Plaintiff now argues in briefing that T-Bank is a part of the enterprise, her assertions are conclusory and do not connect T-Bank to any of the alleged predicate acts. Plaintiff's untimely assertions in her Opposition are an imprudent and futile attempt to amend her Complaint. That is impermissible. *See Brahim v. Holder*, No. 13-23275-CIV, 2014 WL 2918598, at *4 (S.D. Fla.

5

June 26, 2014), at *4 ("It is axiomatic that a plaintiff may not amend his Complaint in a response to a motion to dismiss.").

Plaintiff also sidesteps Defendants' authorities—particularly the Eleventh Circuit's decision in *Ray*, 836 F.3d 1340—which confirm that Plaintiff "may not plead the existence of a RICO enterprise between a corporate defendant and its agents or employees acting within the scope of their roles[.]" *Id.* at 1357. Plaintiff cites only *Cedric Kushner Promotions Ltd. v. King*, 533 U.S. 158 (2001), for the proposition that Deel and Berger cannot be separate because corporate entities and natural persons are distinct. Opp. at 8–9. *Kushner* does not, in fact, stand for that sweeping proposition—and Defendants explained why in their opening brief. Mot. at 11 n.6. *Cedric Kushner* did not address the "'quite different' issue . . . where the defendant 'person' is a corporation and is alleged to have engaged in an enterprise with its officers, employees, and agents," because "a corporation necessarily acts through its agents and employees." *Ray*, 836 F.3d at 1356–57.

Plaintiff cannot rely on the intracorporate conspiracy doctrine either. Plaintiff cites *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1214 (11th Cir. 2018), to argue that corporations and agents are distinct entities for purposes of an enterprise. But *Sun Life* clarifies only that corporations and employees can be members of the same conspiracy. *Id. Sun Life* does not address the intracorporate conspiracy limitation as applied to the enterprise requirement for a RICO claim. Moreover, if *Sun Life* stood for the proposition Plaintiff now asserts, then the exception would swallow *Ray*'s holding that a RICO enterprise cannot exist "between a corporate defendant and its agents or employees acting within the scope of their roles[.]" 836 F.3d at 1357. It does no such thing. *See Compound Prop. Mgmt., LLC v. Build Realty, Inc.*, 462 F. Supp. 3d 839, 862 n.1 (S.D. Ohio 2020) (citing *Sun Life* to explain that "the intra-corporate conspiracy doctrine does not apply to the 'separateness' (also known as the 'distinctness') requirement of the 'enterprise' element in a Civil RICO claim under § 1962(c)"); *see also Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1067 (11th Cir. 2017) ("Plaintiffs sought relief under subsections (a), (c), and (d). Each of these subsections requires Plaintiffs to have alleged the existence of an 'enterprise'[.]").

**Second**, Plaintiff has not established any purpose of the so-called "Deel RICO Enterprise" beyond the ordinary business aim of maximizing revenue, profit, and market share. That is insufficient as a matter of law to state a claim under RICO. *See Ray*, 836 F.3d at 1352 n.3. In her

6

Opposition, Plaintiff attempts to inject new allegations that Defendants had a purpose of "ignoring known licensing laws and employment laws in order to create 'contractor' customers out of employees." Opp. at 7 (footnote omitted). Those allegations, however, appear nowhere in the Complaint, her misleading citations to inapposite paragraphs notwithstanding. Plaintiff cannot salvage her Complaint now by making new allegations in her Opposition. *See Loftin v. KPMG LLP*, No. 02-81166-CIV, 2003 WL 22225621, at *6 (S.D. Fla. Sept. 10, 2003) (plaintiff could not "recharacterize his [c]omplaint in a brief responding to a motion to dismiss, as a court reviewing a motion to dismiss may examine only the allegations of the [c]omplaint" and dismissing the RICO claims). And in all events, Plaintiff's allegations are insufficient and conclusory.

Because Plaintiff has pleaded neither a cognizable enterprise nor an unlawful purpose, the Court should dismiss her RICO claim.

### D. Plaintiff Does Not Plead a Plausible Pattern of Racketeering Activity.

Plaintiff's Opposition confirms her failure to plead a plausible pattern of racketeering activity, warranting dismissal.

#### i. Plaintiff Fails To Plead Money Laundering as a Predicate Act.

Plaintiff fails to plead facts that would support the essential elements of money laundering. As set forth in Defendants' opening brief, Plaintiff must provide details showing Defendants "knew about the illicit transmission of these funds, when the funds were transferred, or in what form." *Omnipol, a.S. v. Worrell*, 421 F. Supp. 3d 1321, 1353 (M.D. Fla. Oct. 17, 2019) *aff'd sub nom. Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298 (11th Cir. 2022). Instead of pointing to these necessary details, Plaintiff obfuscates by folding her vague money laundering allegations into her Bank Secrecy Act ("BSA") allegations. *See, e.g.,* Opp. at 14 ("the BSA anti-money laundering laws"). Money laundering in violation of 18 U.S.C. § 1956 or § 1957 is a different predicate act than violation of § 5318(h) of the BSA. Moreover, even if BSA violations were predicate acts under §§ 1956 or 1957, Plaintiff still has not pled any facts about the nature, location, source, ownership, or control of proceeds. Because Plaintiff makes no mention of these key facts, including "when the funds were transferred, or in what form," she has not adequately pled the predicate act of money laundering. *Omnipol*, 421 F. Supp. 3d at 1353.

#### ii. Plaintiff's Allegations of Violations of the Bank Secrecy Act Do Not Constitute Predicate Acts.

Plaintiff does not allege anything close to a violation of § 5318(h) of the Bank Secrecy Act. To begin, Plaintiff does not address numerous requirements under § 5318(h)—including internal

policies/procedures, ongoing employee training programs, and an independent audit function. Rather, Plaintiff summarily contends she has pleaded a cognizable criminal violation of the BSA because she alleged in her Complaint that Deel's BSA compliance officer was "unprepared." Compl. ¶ 89. For this proposition, Plaintiff cites *California Pacific Bank v. FDIC*, 885 F.3d 560, 575 (9th Cir. 2018). Yet the plaintiff in that case—the FDIC—made more specific allegations and faced a less onerous civil standard. There, the court found the FDIC's finding of a mere ***civil*** violation of the Bank Secrecy Act—based on allegations the defendant bank's compliance officer was unqualified for the job—was supported by substantial evidence. *Id.* at 578–79, 581–82. In support of this assertion, the FDIC alleged that the compliance officer "had received no training in BSA compliance" before taking the position. *Id.* at 568. The FDIC included several other specific allegations, including that the compliance officer held five other senior roles at the bank and had a conflict of interest, rendering him incapable of properly serving in his compliance function. *Id.* at 579. Unlike the FDIC there, whose challenged findings related only to a ***civil*** violation of the BSA, Plaintiff here must plead sufficient facts to support a ***criminal*** violation. *See* 18 U.S.C. § 1961(1)(B) (requiring predicate acts be "indictable"). And a criminal violation of § 5318(h) requires a showing of willfulness, 31 U.S.C. § 5322, on which Plaintiff's Complaint is silent.[1]

True to her pattern of ignoring Defendants' cited authorities, Plaintiff makes no attempt to address *Heffernan v. HSBC Bank USA*, No. 1:99CV07981, 2001 WL 803719 (E.D.N.Y. Mar. 29, 2001), which further undermines her attempt to plead a BSA violation as a RICO predicate offense. *Heffernan* required civil RICO plaintiffs to connect alleged statutory violations to ***active*** involvement in the operation of an enterprise. *Id.* at *6. The *Heffernan* court emphasized that mere failure to report activity was not the same as participating in or directing a criminal enterprise. *Id.* In recognition that she has failed to plead anything of the sort, Plaintiff chooses to ignore *Heffernan* entirely. She has not shown (and cannot show) that her BSA allegations establish a predicate act under RICO.

---

[1] The court in *California Pacific Bank* did not discuss whether alleging inadequacy of a compliance officer was sufficient to plead a willful violation of § 5318(h).

### iii. Plaintiff's Unlicensed Money Transmission Allegations Lack Specificity.

Plaintiff has failed to allege unlicensed money transmission under 18 U.S.C. § 1960 as a RICO predicate act. Plaintiff points only to violations of licensing requirements in two states. In each instance, the alleged violations afford merely administrative remedies rather than criminal ones, and so cannot support a charge under § 1960.

Plaintiff pleads Defendants violated money transmission laws in Minnesota and Florida, Compl. ¶¶ 99, 107, but she offers no rebuttal to the fact that neither violation is an indictable offense sufficient to sustain a RICO claim. In Minnesota, the statute in force at the time of the alleged infraction afforded regulators only administrative remedies, not criminal ones. *See* Mot. at 16 n.8. That is insufficient to allege a predicate act under RICO. *See* 18 U.S.C. § 1960(b)(1)(A) (requiring that an unlicensed money transmitting business "is operated without an appropriate money transmitting license in a State where such operation is ***punishable as a misdemeanor or a felony under State law***") (emphasis added). Similarly, Plaintiff's allegations regarding a 2023 Florida Department of Business and Professional Regulation ("DBPR") finding are inadequate because DBPR is a regulatory body that cannot prosecute criminally.[2] And to the extent Plaintiff alleges a violation of Florida Stat. Ann. § 560.1401, she does not allege specific instances of conduct in violation of that statute, let alone connect any relevant facts to her alleged injuries. *See* Mot. at 15. These failures confirm the Court should dismiss the Complaint. *Berber v. Wells Fargo, NA*, 798 F. App'x 476, 481 (11th Cir. 2020) (per curiam) (quoting *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992)) ("Specific to RICO, the Supreme Court has long required that there be 'some direct relation' between the claimed violation and resulting injury.").

Plaintiff's reliance on *United States v. Flashdot Ltd.,* Case No. 1:24-cr-00168 (S.D.N.Y. Mar 21, 2024) to try and save her money transmission allegations is misplaced entirely. *See* Opp. at 13. Plaintiff asserts that, in comparing her allegations to the Government's indictment in *Flashdot*, she has pleaded with requisite specificity. But "[t]he sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute." *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004). Not so in the civil context.

---

[2] The DBPR can only issue citations, cease-and-desists, administrative complaints, and injunctions. *See Unlicensed Activity – FAQs*, Fla. Dep't of Bus. & Prof. Reg., https://www2.myfloridalicense.com/unlicensed-activity-faqs/#1627503292552-e2ed256a-50ac (found under "What action can the department take?").

Plaintiff must plead more than the elements of the cause of action. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 557 (2007). And further, a review of the indictment in *Flashdot* reveals strikingly more detailed allegations regarding how the defendant undertook its unlawful scheme. *See* Compl., Ex. C. *Flashdot* is of no value to this Court in this context.

Plaintiff also relies in the alternative on Exhibit A of her Complaint to allege statutory violations, but Exhibit A does not allege any violations at all. Plaintiff contends that the 47 state laws she compiled into a table "adequately allege the predicate acts of operating an UMTB with no effective BSA policy[.]" Opp. at 12. But Exhibit A merely lists existing state statutes rather than allege ***which*** of those statutes Defendants supposedly violated, if any, and ***how*** they did so. Acknowledging the existence of statutes does not allege that Defendants violated each of those statutes—or any of them. Plaintiff asserts that "other states' laws are comparable [to Minnesota's] and have been violated by Defendants." Opp. at 12 n.22. But that allegation, is nowhere to be found in the Complaint and, even if it were, it would fail federal pleading requirements as a conclusory allegation that Defendants violated the law. *Gulbalis v. U.S. Citizenship & Immigr. Servs. Kendall Field Off.*, 642 F. App'x 953, 955 (11th Cir. 2016) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)) ("'naked assertions devoid of further factual enhancement' will not suffice").

## II. THE COURT SHOULD DISMISS WITH PREJUDICE, OR IN THE ALTERNATIVE, TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA.

For the reasons explained, no amendment can cure the deficiencies in the Complaint, which should be dismissed with prejudice. *Wade v. Daniels*, 36 F.4th 1318, 1328 (11th Cir. 2022) (quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)) ("Leave to amend is futile if 'the complaint as amended is still subject to dismissal.'"). Should the Court rule that the Complaint survives dismissal, it should transfer the action to the Ft. Myers Division of the Middle District of Florida, which Plaintiff does not oppose.

## **CONCLUSION**

For the foregoing reasons and those set forth in Defendants' opening brief, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety and with prejudice.

DATED: February 13, 2025

                                                  PAUL HASTINGS LLP

By: /s/ Bradley J. Bondi
     Bradley J. Bondi (FL 0162396)

By: /s/ Ronald K. Anguas, Jr.
     Ronald K. Anguas, Jr. (*Pro Hac Vice*)

2050 M Street NW
Washington, DC 20036
Phone: (202) 551-1700
Facsimile: (202) 551-0201
bradbondi@paulhastings.com
ronaldanguas@paulhastings.com


SHEPPARD MULLIN RICHTER & HAMPTON, LLP

Thomas V. Panoff (P*ro Hac Vice*)
321 North Clark Street, 32nd Floor
Chicago, IL 60654
Phone: (312) 499-6328
tpanoff@sheppardmullin.com

Camille Vasquez (P*ro Hac Vice*)
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626
Phone: (714) 424-8211
cvasquez@sheppardmullin.com

          DAVE ARONBERG LAW, P.A.

By: /s/ David A. Aronberg
    David A. Aronberg (FL 090565)

    515 N. Flagler Drive, Ste. 402
    West Palm Beach, FL 33401
    Phone: (561) 765-5555
    dave@davearonberglaw.com

***ATTORNEYS FOR DEFENDANTS***