UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:25-CV-20017-MARTINEZ/SANCHEZ

| | |
|---|---|
| MELANIE DAMIAN, in her capacity as a court-appointed Receiver, on behalf of Surge Capital Ventures, LLC and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>DEEL INC., a Delaware corporation, DPayments LLC, a Delaware limited liability company, and Jeremy Berger, individually,<br><br>Defendants. | ORAL ARGUMENT REQUESTED |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**

## **TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ...............................................................................................................................1

ARGUMENT.....................................................................................................................................2

I.     Defendant's Motion To Dismiss Is Meritorious And Case-Dispositive..............................2

    A.     Plaintiff Mischaracterizes The Legal Standard Applicable To A Motion To Stay Discovery. ..................................................................................................2

    B.     Plaintiff's Complaint Fails For Lack Of Standing And For Failure To Allege A RICO Claim...................................................................................................4

    C.     Plaintiff Cannot Resist A Stay Via Speculative Potential Amendments. .................7

II.     Staying Discovery Is Reasonable And Necessary To Avoid Prejudice To Defendants. ........................................................................................................................8

CONCLUSION................................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Betancourt v. Corporacion Hotelier Palma LLC*,
    2024 WL 5108402 (S.D. Fla. Dec. 13, 2024) .................................................................... 3

*B-Smith Enters., LP v. Bank of Am., N.A.*,
    2021 WL 9563200 (S.D. Fla. June 3, 2021) ...................................................................... 4

*Bufkin v. Scottrade, Inc.*,
    812 F. App'x 838 (11th Cir. 2020) .............................................................................. 2, 3

*Café, Gelato & Panini LLC v. Simon Property Grp., Inc.*,
    2021 WL 2037798 (S.D. Fla. May 21, 2021) ................................................................ 10

*Chudasama v. Mazda Motor Corp.*,
    123 F.3d 1353 (11th Cir. 1997) ...................................................................................... 3

*Cicale v. Prof'l Parking Mgmt. Corp.*,
    2024 WL 6022134 (S.D. Fla. Oct. 17, 2024) .................................................................... 4

*Cuhaci v. Kouri Grp., LP*,
    540 F. Supp. 3d 1184 (S.D. Fla. 2021) ............................................................................ 7

*Davis v. Pro. Parking Mgmt. Corp.*,
    2023 WL 4542690 (11th Cir. July 14, 2023) ................................................................... 5

*Dry Tech 24/7, Inc. v. Clorox Co.*,
    2022 WL 20834472 (S.D. Fla. Dec. 2, 2022) ................................................................... 4

*Enplanar, Inc. v. Marsh*,
    11 F.3d 1284 (5th Cir. 1994) ........................................................................................... 7

*Fernandez v. Freedom Health, Inc.*,
    2021 WL 2954309 (M.D. Fla. Mar. 25, 2021) ................................................................. 8

*Fondo De Proteccion Soc. De Los Depositos Bancarios v. Diaz Reus & Targ, LLP*,
    2016 WL 10952495 (S.D. Fla. Dec. 29, 2016) ................................................................ 3

*Gibson v. Lynn Univ., Inc.*,
    2020 WL 6700448 (S.D. Fla. Oct. 29, 2020) ................................................................... 4

*Gonzalez v. Porter*,
    2023 WL 2567435 (S.D. Fla. Mar. 13, 2023) .................................................................. 4

*Guillaume v. Hyde*,
    2021 WL 7082828 (S.D. Fla. Aug. 6, 2021) ................................................................... 5

*Heikka v. Safeco Ins. Co. of Illinois*,
    2021 WL 10256974 (S.D. Fla. Nov. 1, 2021) ................................................................. 4

*Isaiah v. JPMorgan Chase Bank*,
    960 F.3d 1296 (11th Cir. 2020) ..................................................................................... 3

*Lacroix v. Lejeune Auto Wholesale, Inc.*,
    2020 WL 6059765 (S.D. Fla. Oct. 14, 2020) ................................................................. 9

*Leace v. Gen. Motors LLC*,
    2021 WL 2827759 (S.D. Fla. July 8, 2021) ................................................................... 4

*Lebron v. Royal Caribbean Cruises, Ltd.*,
    2018 WL 4258269 (S.D. Fla. Sept. 6, 2018) ................................................................. 1

*Lewis v. Mercedes-Benz USA, LLC*,
    2020 WL 4923640 (S.D. Fla. Mar. 25, 2020) ......................................................... 10, 11

*Licht v. Binance Holdings Ltd.*,
    2025 WL 625303 (D. Mass. Feb. 5, 2025) .................................................................... 9

*Lubin v. Verint Ams. Inc.*,
    2021 WL 9080003 (S.D. Fla. June 15, 2021) ................................................................ 4

*Meadows v. Am. Airlines, Inc.*,
    2024 WL 4633991 (S.D. Fla. Oct. 31, 2024) ................................................................. 4

*Menashe v. Jaoude*,
    2023 WL 4889395 (S.D. Fla. Aug. 1, 2023) ............................................................ 4, 10

*Morrison v. Fam. Dollar Stores, LLC*,
    2025 WL 1368801 (S.D. Fla. Apr. 1, 2025) ............................................................ 6, 7, 8

*Nuwer v. FCA US LLC*,
    2020 WL 5748745 (S.D. Fla. June 25, 2020) ................................................................ 5

*Ofer v. Millan*,
    2024 WL 4273270 (S.D. Fla. Sept. 24, 2024) ................................................................ 3

*Padilla v. Porsche Cars N. Am., Inc.*,
    2019 WL 1281484 (S.D. Fla. Mar. 19, 2019) ............................................................ 5, 8

*Rayner v. Spirit Airlines, Inc.*,
    2022 WL 3701215 (S.D. Fla. May 10, 2022) ................................................................ 7

*Rivas v. Bank of N.Y. Mellon*,
 676 F. App'x 926 (11th Cir. 2017) .................................................................... 2, 3, 9, 11

*Rodriguez v. Imperial Brands plc*,
 2022 WL 2231504 (S.D. Fla. May 25, 2022) ..................................................................... 4

*Sabater v. Am. Journey (PET), LLC*,
 2021 WL 12321252 (S.D. Fla. Sept. 22, 2021) ................................................................... 4

*SandP Sols., Inc. v. The Silver Logic, LLC*,
 2021 WL 9347080 (S.D. Fla. Nov. 1, 2021) ................................................................... 4, 8

*Skuraskis v. NationsBenefits Holdings, LLC*,
 717 F. Supp. 3d 1221 (S.D. Fla. 2023) .................................................................... 2, 7, 10

*Soldevilla v. On the Barrelhead, Inc.*,
 2020 WL 597317 (S.D. Fla. Feb. 5, 2020) .......................................................................... 5

*Spokeo, Inc. v. Robbins*,
 578 U.S. 330 (2016) ............................................................................................................ 1

*Staup v. Wachovia Bank, N.A.*,
 2008 WL 1771818 (S.D. Fla. Apr. 16, 2008) .................................................................... 11

*Sunshine Children's Learning Ctr., LLC v. Waste Connections of Fla., Inc.*,
 2022 WL 59677 (S.D. Fla. Jan. 6, 2022) ............................................................................. 8

*Terra Towers Corp. v Am. Tower Int'l, Inc.*,
 2024 WL 454886 (S.D. Fla. Jan. 4, 2024) .................................................................. 1, 3, 9

*Torongo v. Robert G. Roy, D.V.M.*,
 2016 WL 10706286 (S.D. Fla. Jan. 28, 2016) ............................................................... 3, 11

*TransUnion LLC v. Ramirez*,
 594 U.S. 413 (2021) ................................................................................................... 5, 6, 9

*Treiber v. Aspen Dental Mgmt., Inc.*,
 94 F. Supp. 3d 352 (N.D.N.Y. 2015) .................................................................................. 6

*Varga v. Palm Beach Cap. Mgmt., LLC*,
 2010 WL 8510622 (S.D. Fla. Sept. 3, 2010) .............................................................. 5, 7, 8

**Rules**

Federal Rule of Civil Procedure 30(b)(6) ...................................................................................... 1

## **INTRODUCTION**

Plaintiff's opposition confirms that the Court should enter a short stay of discovery pending resolution of Defendants' case-dispositive motion to dismiss. The opposition says nearly nothing about Plaintiff's RICO claim, which bears no cognizable connection to Plaintiff's alleged injuries. Plaintiff instead centers her case on purported licensing violations without alleging how she was harmed by the supposedly missing licenses. This nationwide class action therefore fails at the start because "procedural violation[s], divorced from any concrete harm," do not establish Article III standing, much less allege RICO's substantive elements. *See* Dkt. 14 (Defs.' MTD Br.) at 8 (quoting *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 341 (2016)).

The multiple flaws in Plaintiff's complaint confirm that Defendants' motion to dismiss meets the "good cause" and reasonableness requirements for a discovery stay. It is settled in this District that a court may stay discovery where a "preliminary peek" shows that motion to dismiss "may dispose of the entire case." *Terra Towers Corp. v Am. Tower Int'l, Inc.*, 2024 WL 454886, at *1–2 (S.D. Fla. Jan. 4, 2024) (Martinez, J.) (granting motion to stay pending motion to dismiss). Here, a "preliminary peek" at the motion to dismiss confirms numerous bases for dismissing this entire case, including that Plaintiff lacks Article III standing and cannot satisfy the substantive elements of a RICO claim.

Plaintiff's recent and extensive discovery efforts confirm the need for a stay. Plaintiff's opposition asserts that discovery "may be (***but has not been***) served." Opp. 2 (emphasis added). But Plaintiff, in fact, served voluminous discovery requests on July 11, 2025, just minutes before filing the opposition brief disclaiming that discovery. *Id.* Plaintiff's requests include interrogatories and requests for production relating to licensing matters under the laws of all fifty states. They also include four depositions noticed for next month, including a corporate representative deposition notice that fails to include topics as required by Federal Rule of Civil Procedure 30(b)(6). *See*, *e.g.*, *Lebron v. Royal Caribbean Cruises, Ltd.*, 2018 WL 4258269, at *7 (S.D. Fla. Sept. 6, 2018). Absent a stay, Plaintiff's improper requests will lead to immediate disputes draining both the Court's and the parties' resources—all in pursuit of meritless claims for which there is not even Article III standing, much less a valid cause of action. "Defendants w[ill] be prejudiced if a brief stay is not issued," and "judicial resources w[ill] be best conserved" if the

Court grants a stay. *Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1232 (S.D. Fla. 2023).

For these reasons and those set forth in Defendants' opening brief, the Court should stay discovery pending resolution of Defendants' motion to dismiss.

## ARGUMENT

I.  **Defendant's Motion To Dismiss Is Meritorious And Case-Dispositive.**

Defendants' motion to dismiss is meritorious and case-dispositive, and so justifies staying discovery. *See, e.g.*, *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 841–42 (11th Cir. 2020); Defs.' Stay Br. at 2–6. Plaintiff provides no persuasive reason to avoid that result. ***First***, Plaintiff mischaracterizes the legal standard governing discovery stays. ***Second***, Plaintiff fails to offer any valid defense of her licensing-related RICO claim, which bears no connection to any of Plaintiff's own injuries and so fails for lack of Article III standing, among other reasons. ***Third***, Plaintiff's vague suggestion that she may amend the complaint in the future is also no basis to avoid a stay. The Court should find that, following a "preliminary peek," Defendants' motion to dismiss is meritorious and provides good cause for a stay.

A.  **Plaintiff Mischaracterizes The Legal Standard Applicable To A Motion To Stay Discovery.**

The Eleventh Circuit has held that "[d]istrict courts are entitled to broad discretion in managing pretrial discovery matters," *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (quotation omitted), and that that discretion includes the ability to stay discovery when defendants file motions that are "likely meritorious and dispositive of the case." *Bufkin*, 812 F. App'x at 842. Plaintiff spends much of her brief trying to raise that bar. Plaintiff asserts that dismissal must be a "foregone conclusion," and that a stay must be denied unless the case will "certainly be dismissed." Opp. 1, 5–6. Setting aside that dismissal here *is* certain given the numerous, independent bases for dismissing Plaintiff's complaint, Plaintiff exaggerates Defendants' burden. The Eleventh Circuit requires only a "preliminary peek" at the motion to dismiss, Opp. 6; Defs.' Br. at 1, and the Eleventh Circuit regularly upholds stays of discovery, including in cases where motions to dismiss are merely "likely" meritorious, not necessarily certain to succeed. *Bufkin*, 812 Fed. App'x at 842; *see also Isaiah v. JPMorgan Chase Bank*, 960

2

F.3d 1296, 1308–09 (11th Cir. 2020) (affirming stay); *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (same); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1369 (11th Cir. 1997) (same).

Additionally, and although Plaintiff asserts that staying discovery is "the exception, not the rule," Opp. 3, Plaintiff omits that courts in this District often grant stays when presented with likely or even potentially dispositive motions to dismiss. This Court's recent *Terra Towers* decision is typical: it is enough that a motion to dismiss merely "may dispose of the entire action," or "may dispose of the case." *Terra Towers*, 2024 WL 454886, at *1–2 (granting stay); *see also*, *e.g.*, *Betancourt v. Corporacion Hotelier Palma LLC*, 2024 WL 5108402, at *1 (S.D. Fla. Dec. 13, 2024) (same where motion to dismiss had "substantial merit"); *Ofer v. Millan*, 2024 WL 4273270, at *3–4 (S.D. Fla. Sept. 24, 2024) (same where defendant's arguments had "potential to be truly case-dispositive"); *In re Mednax Servs. Inc. Customer Data Sec. Breach Litig.*, 2021 WL 10428229, at *2 (S.D. Fla. Oct. 9, 2021) (same where "significant questions exist regarding Article III's injury-in-fact and traceability requirement," and granting motion "even in part" would alter discovery); *Torongo v. Robert G. Roy, D.V.M.*, 2016 WL 10706286, at *1 (S.D. Fla. Jan. 28, 2016) (same where motion to dismiss raised "substantial questions" that were "purely legal" (quotation omitted)); *Fondo De Proteccion Soc. De Los Depositos Bancarios v. Diaz Reus & Targ, LLP*, 2016 WL 10952495, at *1–2 (S.D. Fla. Dec. 29, 2016) (same given "potential merit" to arguments that "may have dispositive effect"). Plaintiff is simply wrong in claiming that Defendants have "mischaracterized the nature and frequency of ordering a stay." Opp. 8. To the contrary, such temporary, brief stays are regularly and appropriately granted in this District.[1]

---

[1] Courts in this District frequently grant discovery stays while considering dispositive or even potentially case-dispositive arguments. For only some of these recent decisions (in addition to those cited above), *see*, *e.g.*, *Meadows v. Am. Airlines, Inc.*, 2024 WL 4633991, at *1 (S.D. Fla. Oct. 31, 2024) (granting stay); *Cicale v. Prof'l Parking Mgmt. Corp.*, 2024 WL 6022134, at *1 (S.D. Fla. Oct. 17, 2024) (same); *Menashe v. Jaoude*, 2023 WL 4889395, at *2 (S.D. Fla. Aug. 1, 2023) (same); *Gonzalez v. Porter*, 2023 WL 2567435, at *1–2 (S.D. Fla. Mar. 13, 2023) (same); *Dry Tech 24/7, Inc. v. Clorox Co.*, 2022 WL 20834472, at *1 (S.D. Fla. Dec. 2, 2022) (same); *Rodriguez v. Imperial Brands plc*, 2022 WL 2231504, at *5 (S.D. Fla. May 25, 2022) (same); *SandP Sols., Inc. v. The Silver Logic, LLC*, 2021 WL 9347080, at *2 (S.D. Fla. Nov. 1, 2021) (same); *Heikka v. Safeco Ins. Co. of Illinois*, 2021 WL 10256974, at *1 (S.D. Fla. Nov. 1, 2021) (same); *Sabater v. Am. Journey (PET), LLC*, 2021 WL 12321252, at *2 (S.D. Fla. Sept. 22, 2021) (same); *Leace v. Gen. Motors LLC*, 2021 WL 2827759, at *1 (S.D. Fla. July 8, 2021) (same); *Lubin v. Verint Ams. Inc.*, 2021 WL 9080003, at *1 (S.D. Fla. June 15, 2021); *B-Smith Enters., LP v. Bank of Am., N.A.*, 2021 WL 9563200, at *1 (S.D. Fla. June 3, 2021) (same); *Gibson v. Lynn Univ., Inc.*,

### B. Plaintiff's Complaint Fails For Lack Of Standing And For Failure To Allege A RICO Claim.

Defendants' motion to dismiss supports a similar stay here, particularly because Plaintiff's opposition fails to establish that her single-count RICO complaint has any merit. At most, Plaintiff states that she "disagrees with Defendants' arguments in favor of dismissal" and "refers the Court to 'peek' at the arguments and authorities filed in opposition to the Motion to Dismiss." Opp. 7. But that cross-reference is of no moment because Plaintiff's opposition to the motion to dismiss *also* fails to offer a valid defense of her claim.

To begin, Plaintiff lacks standing to sue under Article III. As Defendants' motion to dismiss explains, courts both here and elsewhere consistently have held that "a statutory violation, by itself, does not create an injury." *Davis v. Pro. Parking Mgmt. Corp.*, 2023 WL 4542690, at *2 (11th Cir. July 14, 2023). Even where a plaintiff alleges a statute or regulation has been violated, that "bare procedural violation, divorced from any concrete harm" cannot "satisfy the injury-in-fact requirement of Article III." Dkt. 14 (Defs.' MTD Br.) at 8 (quoting *Spokeo*, 578 U.S. at 341); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 440 (2021) (mere "statutory violation" does not confer standing). Procedural violations are all Plaintiff pleads here. Plaintiff is a "court appointed Receiver in an enforcement action filed in this Court (Case No. 23-cv-22791-KMW) by the Securities and Exchange Commission." Compl. ¶ 3. That SEC enforcement action is against "Brent Seaman," who allegedly ran a Ponzi scheme that victimized Surge Capital Ventures LLC. The SEC has not filed an action against Deel Inc. or DPayments LLC. Instead, Plaintiff alleges that Deel and DPayments "did not have all required licenses" to provide money transmission services for Surge Capital Ventures LLC. Compl. ¶ 57; *see also*, *e.g.*, *id.* at ¶¶ 31, 32 (blaming Defendants for purportedly "mak[ing] it easier to do business with our nation's enemies," like

---

2020 WL 6700448, at *2 (S.D. Fla. Oct. 29, 2020) (same); *Taylor Serv. Corp. Int'l*, 2020 WL 6118779, at *2–*3 (S.D. Fla. Oct. 16, 2020) (same); *Nuwer v. FCA US LLC*, 2020 WL 5748745, at *1 (S.D. Fla. June 25, 2020) (same); *Soldevilla v. On the Barrelhead, Inc.*, 2020 WL 597317, at *1 (S.D. Fla. Feb. 5, 2020) (same); *Padilla v. Porsche Cars N. Am., Inc.*, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) (same); *Guillaume v. Hyde*, 2021 WL 7082828, at *1 (S.D. Fla. Aug. 6, 2021) (same); *Varga v. Palm Beach Cap. Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (same).

4

"Russia"); *id.* ¶¶ 39–47 (complaining about licenses purportedly missing under Florida or federal law).

Missing from the complaint is an explanation for how the purportedly missing licenses impacted Plaintiff or led to traceable injuries. Plaintiff does not allege any connection between missing licenses and Mr. Seaman's Ponzi scheme, much less any other cognizable Article III injury. And Plaintiffs' opposition to the motion to dismiss makes this problem worse, not better. Plaintiff, remarkably, asserts that "Mr. Seaman" (the person whose misdeeds led to Plaintiff's appointment as a receiver in the first place) "is irrelevant"—***disclaiming*** any connection between Plaintiff's complaint and any harms she may have incurred from Mr. Seaman's Ponzi scheme. *See* Dkt. 22 (Pls.' MTD Opp.) at 17.

Plaintiff's fallback assertion that she has traceable Article III injuries because Defendants "charged … unlawful fees" for their services is also wrong. *Id.* at 18. The fees were unlawful, Plaintiff implies, because the services were unlicensed. But fees for an unlicensed service do not give rise to Article III injuries absent allegations that the missing license harmed the plaintiff. *See*, *e.g.*, *Treiber v. Aspen Dental Mgmt., Inc.*, 94 F. Supp. 3d 352, 359, 363 (N.D.N.Y. 2015) (granting dismissal for lack of standing, where even if corporate owner of dental practice lacked a necessary license, plaintiffs still "received dental services for which they paid and therefore suffered no harm"), *aff'd*, 635 F. App'x 1 (2d Cir. 2016); Dkt. 23 (Defs.' MTD Reply) at 2; *see also TransUnion*, 594 U.S. at 440 (quoting *Spokeo*, 578 U.S. at 341) (customers subject to a "statutory violation," or "bare procedural violation[]" did not have standing absent "evidence of harm caused by" the violation). These threshold problems provide good reason to stay discovery. *See Morrison v. Fam. Dollar Stores, LLC*, 2025 WL 1368801, at *1–2 (S.D. Fla. Apr. 1, 2025) (granting stay, where "standing argument, if successful, would result in dismissal of this entire action"); *Varga*, 2010 WL 8510622, at *1 (same given "standing issues are threshold legal issues that are case-dispositive"). Lack of Article III standing and causation are also only the beginning of Plaintiff's case-dispositive problems: other "arguments in Defendants' Rule 12(b)(6) motion could, if successful, [also] result in dismissal of this entire action," *Morrison*, 2025 WL 1368801, at *1,

particularly where Plaintiff fails to plead a viable "RICO enterprise," or "pattern of racketeering," *see* Defs.' Stay Br. at 5.

This case is thus much like *Skuraskis v. NationsBenefits Holdings*, where Plaintiff agrees "Judge Ruiz ruled correctly" in staying discovery. Opp. 8–9. Plaintiff suggests *Skuraskis* was different because it purportedly involved many state laws "in a nationwide class action." Opp. 8. But so too here. As in *Skuraskis*, Plaintiff brings a nationwide class action. *Skuraskis*, 717 F. Supp. 3d at 1231. As in *Skuraskis*, this case involves numerous state laws—Plaintiff seeks discovery into every license issued to Defendants, "[f]or all States within the United States." *See* Ex. A (Pl.'s Interrog. No. 1). As in *Skuraskis*, Plaintiff "understate[s] the relative burden of proceeding with discovery" and overstates her own prejudice—particularly given that there still will be "ample opportunity to conduct discovery" later in the unlikely event that the complaint survives dismissal. *Skuraskis*, 717 F. Supp. 3d at 1231. And as in *Skuraskis*, this case also features a pending motion to transfer.[2]

Indeed, this case is more like *Skuraskis* than either *Rayner v. Spirit Airlines, Inc.*, 2022 WL 3701215, at *1 (S.D. Fla. May 10, 2022), or *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184 (S.D. Fla. 2021), on which Plaintiff heavily relies. Opp. 3–5, 8, 10. Those cases do not support denying a stay here and instead only represent different exercises of discretion on different facts. They did not, most importantly, feature "especially dubious" claims—like those here having nothing to do with Plaintiff's injuries or her appointment as a Receiver in the first place. *Cuhaci*, 540 F. Supp. 3d at 1187. Plaintiff cannot avoid a stay by comparing this case to ones involving substantially weaker motions to dismiss. The Court should follow cases like *Skuraskis* (as well as *Morrison*, *Varga*, and numerous others) that have stayed discovery in the face of meritorious and case-

---

[2] Plaintiff purports to withdraw her agreement that this case should be transferred, *see* Opp. 14, but nowhere disputes that (i) the transfer motion is still pending, and (ii) courts regularly consider pending transfer motions as a common-sense factor in deciding whether to stay discovery, in part because "convenience of the witnesses and the location of records and documents" is "necessarily implicate[d]" by a transfer motion. *See Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994); Defs.' Stay Br. at 5 n.2 (collecting cases).

6

dispositive defenses at the pleading stage. *Id.*; *see also Padilla*, 2019 WL 1281484, at *1 ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay."); *Solar Star Systems*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (same).

### C. Plaintiff Cannot Resist A Stay Via Speculative Potential Amendments.

Plaintiff's vague gestures at an amended complaint do not warrant proceeding to discovery now, while Defendants' motion to dismiss is pending. Opp. 9–13. Even if a plaintiff suggests it may amend, courts still have discretion to stay discovery if "pending motions to dismiss may result in dismissal of the Complaint as currently pleaded," *Fernandez v. Freedom Health, Inc.*, 2021 WL 2954309, at *2 (M.D. Fla. Mar. 25, 2021), or "narrow[] the scope" of the case, *SandP Sols., Inc.*, 2021 WL 9347080, at *2; *see also Mednax Servs., Inc.*, 2021 WL 10428229, at *2–*3 n.1 (acknowledging plaintiffs' "intention to file a Second Amended Complaint," but nevertheless granting stay given "legitimate jurisdictional and standing challenges," "legal deficiencies," and Eleventh Circuit guidance that such issues "should be resolved before discovery" begins).[3]

The possibility of amendment is also of no moment because Plaintiff nowhere explains how she ***could*** amend given her lack of standing under Article III. Plaintiff asserts that even if she has not pled viable RICO claims, other unspecified "common law and statutory causes of action are available." Opp. 11. But that is beside the point—even if other causes of action were somehow "available," those claims also would fail for lack of standing because Plaintiff has not alleged (and cannot allege) any injury traceable to Defendants' purportedly missing licenses. *See TransUnion*,

---

[3] At best, Plaintiff's cases consider the possibility of amendment among other practical factors when exercising discretion to stay discovery, and do not establish any firm rule that discovery must go forward merely whenever a plaintiff may amend. *See* Opp. 9–10. *Sunshine Children's Learning Ctr., LLC v. Waste Connections of Fla., Inc.*, 2022 WL 59677, at *2 (S.D. Fla. Jan. 6, 2022), for example, largely turned not on the possibility of amendment but instead on the more pressing problem that the defendant's motion to dismiss did not have merit to begin with. The motion raised issues of "contract interpretation that cannot be decided on a motion to dismiss," *id.* at *2–*3, not the total disconnect between Plaintiff's allegations (licensing violations) and her purported injuries here. And although the *Sunshine* Court noted that amendment might cure remaining issues in that case, *see id.* at *3, the court did not purport to hold that a speculative possibility of amendment is always enough to pursue discovery.

594 U.S. at 427 (even if a statutory cause of action exists, "[o]nly those plaintiffs who have been ***concretely harmed*** by [the] statutory violation may sue") (emphasis in original); *see also Lacroix v. Lejeune Auto Wholesale, Inc.*, 2020 WL 6059765, at *4 (S.D. Fla. Oct. 14, 2020) (staying discovery, where even proposed amendments "failed to explain" why court would not be required to compel arbitration). Plaintiff's failure to explain how she could connect purported licensing errors to her supposed injuries underscores that any meritorious amendment is both speculative and unlikely.

Plaintiffs' extended digression on *Licht v. Binance Holdings Ltd.*, 2025 WL 625303 (D. Mass. Feb. 5, 2025) (Opp. 12–13), does not change that result. *Licht* does not address at all whether to stay discovery and also, tellingly, ***dismisses*** RICO claims. Plaintiff does not cite any case, in any jurisdiction, permitting a class action to go forward based on alleged licensing errors that bear no relationship to the plaintiff's own harms. That theory is foreclosed by—and a radical departure from—Supreme Court precedent. *See supra* at 4. Defendants' motion to dismiss is likely to "dispose of th[is] entire case," *Terra Towers*, 2024 WL 454886, at *1–2, and so there is good cause to stay discovery "until [the] … motion to dismiss is resolved." *Rivas*, 676 F. App'x at 932.

## II.  Staying Discovery Is Reasonable And Necessary To Avoid Prejudice To Defendants.

There is no harm to Plaintiff from a brief stay of discovery here pending resolution of Defendants' motion to dismiss. Plaintiff concedes that in assessing the reasonableness of a stay, the Court should "weigh the harm produced by a delay in discovery against the likely costs and burdens of proceeding with discovery." Opp. 5 (quotations omitted). Plaintiff's only supposed harm is a brief delay in her ability to pursue discovery. *See* Opp. 17–18. But delay alone is insufficient to avoid a stay, and Plaintiff fails to address cases holding that a "brief stay" is not harmful where a party "will be afforded sufficient opportunity to conduct discovery if [her] claims advance." Defs.' Stay Br. at 6; *see also Menashe*, 2023 WL 4889395, at *2 ("Plaintiffs do not identify any harm or prejudice that outweigh the efficiencies gained" by a discovery stay, where "Plaintiffs will be afforded sufficient opportunity to conduct fulsome discovery if their claims advance in this Court"). Delay is also a particularly weak basis to find harm in this case because

8

Plaintiff served discovery more than six months after filing her complaint—and roughly six weeks after the parties conducted their Rule 16 conference that formally opened discovery.

Defendants and judicial economy, meanwhile, will be harmed absent a stay. Plaintiff does not dispute that staying discovery may be appropriate in nationwide class actions, particularly where a motion to dismiss is likely to "drastically alter the scope of discovery." *Skuraskis*, 717 F. Supp. 3d at 1231; Defs.' Stay Br. at 7; *see also Lewis v. Mercedes-Benz USA, LLC*, 2020 WL 4923640, at *3 (S.D. Fla. Mar. 25, 2020) (staying discovery pending motion to dismiss RICO class action, where a stay pending dismissal "lessens unnecessary costs," and "would save the court, counsel, and the parties significant time and effort."). Forcing a defendant to undergo discovery where a plaintiff's claims are plainly meritless—and indeed, where there is not even Article III standing—is prejudicial. *Skuraskis*, 717 F. Supp. 3d at 1232; *In re MedNax Servs.*, 2021 WL 10428229, at *3 ("discovery should not commence" before "legitimate jurisdictional and standing challenges" are resolved).[4] And while Plaintiff asserts that Defendants have not made any "specific showing of prejudice or burdensomeness," Opp. 16, that is also wrong, particularly given Plaintiff's recent discovery demands.

Plaintiff's requests, served contemporaneously with her opposition brief, confirm that proceeding with discovery here will cause a "massive waste of judicial and private resources." *Rivas*, 676 F. App'x at 932 (affirming stay to "avoid" this outcome). To date, Plaintiff has served:

- 70 requests for production across all three defendants, including requests for "all documents relating to any application by Deel to receive a money transmission license from any state or territory of the United States," as well as requests for documents on additional topics having nothing to do with any of Plaintiff's own purported harms (e.g., "all documents relating to any Deel business or practice of transferring money to or from Russia"). Ex. B at 10–11; see also Ex. C (requests to Defendant Berger); Ex. D (requests to Defendant DPayments).

- 29 interrogatories across two defendants, including numerous interrogatories related to licensing matters and money transmission. Ex. A, Ex. E.

---

[4] Plaintiffs' citation to *Café, Gelato & Panini LLC v. Simon Property Grp., Inc.*, 2021 WL 2037798 (S.D. Fla. May 21, 2021) is inapposite. That case, like so many others relied upon by Plaintiff, featured a weak motion to dismiss that was unlikely to succeed. *See id.* at *3–6 (finding various "Burford abstention" and "primary jurisdiction" arguments without merit). Absent a likelihood of success on the motion to dismiss, the defendant did not face the prejudice that results from purely unnecessary (as opposed to merely burdensome) discovery. *Id.*

- 19 requests for admission. Ex. F, Ex. G.

- Notices for four depositions crammed into four days in late August, including a purported notice to a "Corporate Representative of Deel Inc." that does not include any topics. Ex. H.

Absent a stay, the parties and the Court will become mired in burdensome discovery related to licensing issues having nothing to do with Plaintiff's appointment as receiver or any cognizable harm articulated in any filing Plaintiff has made in this Court. That waste will also include discovery disputes and motions practice. To take just one example, Plaintiff's corporate representative deposition notice fails even to attempt to "describe with reasonable particularity the matters for examination." *See* Fed. R. Civ. Proc. 30(b)(6); *Beaulieu*, 2007 WL 9734886, at *4. Defendants anticipate that the procedural deficiencies in Plaintiff's discovery requests, along with their breadth, will require prompt and significant judicial intervention.

All this is unnecessary given that Plaintiff does not even have cognizable claims related to Defendants' licensing efforts—much less licensing disputes across all fifty states that would justify a nationwide class action. This Court should avoid the "massive waste" the Eleventh Circuit has cautioned against, *Rivas*, 676 F. App'x at 932, and enter a short stay of discovery to preserve judicial economy and avoid unnecessary prejudice to Defendants. *See*, *e.g.*, *Lewis*, 2020 WL 4923640, at *3; *Torongo*, 2016 WL 10706286, at *1 (granting stay to avoid "futile" discovery); *Staup v. Wachovia Bank, N.A.*, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) (same where given likelihood of dismissal, "requiring discovery would pose an undue burden on the Defendant").

## **CONCLUSION**

The Court should grant Defendants' motion and stay discovery pending its decision on Defendants' Motion to Dismiss.

Date: July 18, 2025

PAUL HASTINGS LLP

By: */s/ Bradley J. Bondi*
Bradley J. Bondi (FL 0162396)
Ronald K. Anguas, Jr. (*Pro Hac Vice*)
2050 M Street NW
Washington, DC 20036
Phone: (202) 551-1700
Facsimile: (202) 551-0201
bradbondi@paulhastings.com
ronaldanguas@paulhastings.com

SHEPPARD MULLIN RICHTER & HAMPTON, LLP

By: */s/ Thomas V. Panoff*
Thomas V. Panoff (*Pro Hac Vice*)
321 North Clark Street, 32nd Floor
Chicago, IL 60654
Phone: (312) 499-6328
tpanoff@sheppardmullin.com

Camille Vasquez (*Pro Hac Vice*)
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626
Phone: (714) 424-8211
cvasquez@sheppardmullin.com

DAVE ARONBERG LAW, P.A.

By: */s/ David A. Aronberg*
David A. Aronberg (FL 090565)
515 N. Flagler Drive, Ste. 402
West Palm Beach, FL 33401
Phone: (561) 765-5555
dave@davearonberglaw.com

***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on all counsel of record identified below:

Thomas R. Grady
Thomas R. Grady, P.A. dba GradyLaw
720 Fifth Ave S Ste 200
Naples, FL 34102
239-261-6555

Guy Millard Burns
Johnson Pope Bokor Ruppel & Burns, LLP
Suite 3100 401 E. Jackson St. Ste 3100
Tampa, FL 33602
813-225-2500
Guyb@jpfirm.Com

By: */s/ Bradley J. Bondi*
Bradley J. Bondi
2050 M Street NW
Washington, DC 20036
Phone: (202) 551-1700
Facsimile: (202) 551-0201
bradbondi@paulhastings.com