# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
1:25-CV-20017-MARTINEZ/SANCHEZ

MELANIE DAMIAN, in her capacity as a
court-appointed Receiver, on behalf of Surge
Capital Ventures, LLC and others similarly
situated,

      Plaintiff,

vs.

DEEL INC., a Delaware corporation,
DPayments LLC, a Delaware limited liability
company, and Jeremy Berger, Individually,

      Defendants.

RICO CLASS ACTION
JURY DEMANDED

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DEEL, INC.

Plaintiff, MELANIE DAMIAN, in her capacity as a court-appointed Receiver, on behalf of Surge Capital Ventures, LLC and others similarly situated ("DAMIAN"), by and through her undersigned counsel, pursuant to Fed.R.Civ.P. 36, hereby requests Defendant, DEEL, INC. ("DEEL"), to admit or deny the following matters within the time required by the foregoing rule:

## INSTRUCTIONS AND DEFINITIONS

1.    As utilized in Plaintiff's discovery, the word "Money" is defined to include U.S. dollar currency, any foreign currency, any fiat currency issued by any governmental entity, any virtual currency including any crypto currency or other virtual token which is used as a medium of exchange or payment.  In your reply to any discovery request you should express in U.S. Dollars the total of all Money.

2.      "U.S. Customer" means any person or entity based in the United States who retained or contracted with Deel to act as a money transmitter from locations in the United States to third parties located either inside the United States or elsewhere in the world.

3.      "Worldwide Customer" is any person or entity based outside of the United States of America that retained or contracted with Deel to act as a money transmitter to third parties located in the United States.

4.      "Date of Inception" means the time with Deel first acted as a Money transmitter for either a U.S. Customer or a Worldwide Customer, as defined above.

5.      "Deel" means the defendant Deel, Inc.; "DPayments" means the defendant DPayments, LLC.

6.      "Money Transmitter" means an entity that receives currency, monetary value, a payment instrument or virtual currency for the purpose of acting as an intermediary to transmit currency, monetary value, a payment instrument, or virtual currency from one person to another location or person by any means, including transmission by wire, facsimile, electronic transfer, courier, the internet or through bill payment services within the United States or to or from the United States, and who has the ability to unilaterally execute or indefinitely prevent a transaction. "Money transmission" means conducting the activity of a money transmitter.

7.      "U.S. Customer Agreement" means any standard form written contract utilized by Deel to state the duties, obligations, and other parameters applying to the money transmitter services provided by Deel to its U.S. Customers, including any online "Use Agreement" whereby Deel contends a customer is bound by terms and conditions by virtue of utilizing Deel's services.

8.      "Worldwide Customer Agreement" means any standard form written contract utilized by Deel to state the duties, obligations, and other parameters applying to the money

transmitter services provided by Deel to its Worldwide Customers, this includes any online "Use Agreement" whereby Deel contends a customer is bound by terms and conditions by virtue of utilizing Deel's services.

9.      "Third Party Provider" means any third party that acted as a Money Transmitter for Deel and its U.S. Customers or Worldwide Customers.

10.     "Surge" means Surge Capital Venture, LLC.

11.     "Surge Affiliates" means any or all of the following: Surge Traders, LLC; Surge, LLC; Accanito Holdings, LLC; Accanito Capital Group, LLC; Accanito Equity, LLC; Accanito Equity II, LLC; Accanito Equity III, LLC; Accanito IV, LLC; and Brent Seaman.

12.     "Compliance" means the acts, actions, rules, and/or practices of protocol that govern Deel's compliance with laws, Rules and regulations applicable to companies in the money services business and the activities of a Money Transmitter.

13.     The terms, "you" or "your," as used herein, shall refer to Defendant, DEEL, and all its agents, employees, attorneys, representatives, and all other persons acting on behalf of the Defendant.

14.     The terms, "person" or "persons," include all natural persons and entities, including without limitation, any individual, corporation, business, partnership, limited partnership, joint venture group, association, firm, trust, estate, public agency, department, bureau, board, body politic, unit, or other organization, and shall include all officers, directors, employees, agents, trustees, accountants, or any other representative thereof.

15.     The term "identify" or equivalent language when applied to a person means to state the full name of such person, last known address, telephone number, and, if employed, give the job title or position of the person and the name, address and telephone number of the employer.  If

the words, "identify" or "identification," are used with respect to a person other than a natural person, state the type of person (corporation, partnership, government agency, etc.), full name and the address of its principal place of business concerned with each matter inquired of in these interrogatories.  When asked to identify a person who has knowledge of any particular matter, if the response is made that a person other than a natural person has such knowledge, identify the individual or individuals employed by or associated with the person other than a natural person who possesses such knowledge.

16.     The term "identify" or equivalent language when applied to a document or communication means to state its date (or if not dated, the date it was prepared or received), the type of document (e.g., letter, memorandum, telegram, chart, photographic reproduction), the author and its addressee, or title if there is no author and addressee, its present location, the individual or person presently the custodian or custodians thereof, and state a general description of its contents.  If you have claimed or intend to claim any privilege recognized in law against the production of any document that you are required to identify herein, in addition to the foregoing information concerning such document, please state the number of pages of such document, and state whether such document contains or relates to facts or opinions or both and state the privilege which you have claimed or intend to claim with respect to such document.

17.     The term "document" as used herein shall have the fullest meaning permitted under the Federal Rules of Civil Procedure, and refers at least to the following non-exclusive list of items: emails, texts, interoffice messages, correspondence, memoranda, listings, accounts, records of account, ledger sheets, audits, questionnaires, recordings, transcriptions, voice mails, floppy discs, computer printouts, writings, drawings, graphs, charts, photographs, phonographs, videotapes,

motion picture film, and any other data, compilation or written or printed material of any kind or character.

18.     The term "communication" means any written or oral transmission of fact, information, or opinion, including any utterance, notation, or statement of any nature whatsoever, including, but not limited to, emails and all other documents as defined herein.

### <u>ADMISSIONS</u>

1.     Admit that, since Date of Inception, Deel has transmitted money from its U.S. Customers to third parties located in the United States or elsewhere in the world by way of wire, telephone lines, internet, or other electronic means of transmission.

2.     Admit that, since Date of Inception, Deel has transmitted money from its Worldwide Customers to third parties located in the United States by way of wire, telephone lines, internet, or other electronic means of transmission.

3.     Admit the Deel money transmission business is operated entirely (or entirely as possible) through the use of electronic communications networks.

4.     Admit that the laws of the United States and the States require a money transmitter to acquire and maintain money transmitters license(s).

5.     Admit that acting as an unlicensed money transmitter in the United States is a crime.

6.     Admit that Deel acted as an unlicensed money transmitter in the United States during all or a portion of the period from Date of Inception  to the present.

7.     Admit that the money transmission business activity conducted by Deel within the United States from the Date of Inception requires Deel to hold state issued money transmitter licenses.

8.     Admit that, during the period from the Date of Inception through the present, Deel knew that money transmission licenses were required to conduct money transmission activities within the United States.

9.     Admit that a Money Transmitter in the United States is required to comply with the laws, rules and regulations governing those in the Money Services Business, including the Bank Services Act, anti-money laundering and know your customer laws.

10.    Admit that in the years 2022 and 2023, Deel did not hold a Money Transmitter license issued by the State of Florida.


DATED:  July 11, 2025                    **JOHNSON POPE BOKOR RUPPEL & BURNS, LLP**


                                         */s/ Guy M. Burns*
                                         Guy M. Burns, Esq.
                                         Fla. Bar No. 160901
                                         400 North Ashley Drive, Suite 3100
                                         Tampa, Florida 33602
                                         (813) 225-2500
                                         guyb@jpfirm.com
                                         laurah@jpfirm.com

                                              *and*

                                         **GRADY**LAW™


                                         */s/ Thomas R. Grady*
                                         Thomas R. Grady, Esq.
                                         Fla. Bar No. 350702
                                         720 Fifth Avenue South, Suite 200
                                         Naples, Florida 34102
                                         trgrady@gradylaw.com

                                         ***Counsel for Plaintiff***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on

July 11, 2025, by the Court's CM/ECF electronic noticing system to all parties receiving electronic

noticing.

*/s/ Guy M. Burns*

Guy M. Burns

*#10871011.1*