# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
1:25-CV-20017-MARTINEZ/SANCHEZ

MELANIE DAMIAN, in her capacity as a
court-appointed Receiver, on behalf of Surge
Capital Ventures, LLC and others similarly
situated,

       Plaintiff,

vs.

DEEL INC., a Delaware corporation,
DPayments LLC, a Delaware limited liability
company, and Jeremy Berger, Individually,

       Defendants.

RICO CLASS ACTION
JURY DEMANDED

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JEREMY BERGER

Plaintiff, MELANIE DAMIAN, in her capacity as a court-appointed Receiver, on behalf of Surge Capital Ventures, LLC and others similarly situated ("DAMIAN"), by and through her undersigned counsel, pursuant to Fed.R.Civ.P. 36, hereby requests Defendant, JEREMY BERGER, individually ("BERGER"), to admit or deny the following matters within the time required by the foregoing rule:

1.     Admit that, since January 1, 2021, Deel, Inc. and/or DPayments LLC ("Deel") transmitted money from its U.S. Customers to third parties located in the United States or elsewhere in the world by way of wire, telephone lines, internet, or other electronic means of transmission.

2.      Admit that, since January 1, 2021, Deel transmitted money from its Worldwide Customers to third parties located in the United States by way of wire, telephone lines, internet, or other electronic means of transmission.

3.      Admit the Deel money transmission business is operated entirely (or entirely as possible) through the use of electronic communications networks.

4.      Admit that the laws of the United States and the States require a money transmitter such as Deel to acquire and maintain money transmitters license(s).

5.      Admit that acting as an unlicensed money transmitter in the United States is a crime.

6.      Admit that Deel acted as an unlicensed money transmitter during all or a portion of the period from January 1, 2021, to the present.

7.      Admit that the business activity conducted by Deel within the United States between January 1, 2021, and the present requires Deel to hold a money transmitter license issued by each and every state from which or into which money is transmitted.

8.      Admit that during the period of January 1, 2021, through the present, Deel conducted money transmission activities within the United States without the required licenses.

9.      Admit that during the period from January 1, 2021, through the present, Deel knew a money transmission license was required to conduct money transmission activities within the United States.

DATED:  July 9, 2025                                    **JOHNSON POPE BOKOR RUPPEL &**
                                                        **BURNS, LLP**

                                                        */s/ Guy M. Burns*
                                                        Guy M. Burns, Esq.
                                                        Fla. Bar No. 160901

2

400 North Ashley Drive, Suite 3100
Tampa, Florida 33602
(813) 225-2500
guyb@jpfirm.com
laurah@jpfirm.com

*and*

**GRADY**LAW™

/s/ *Thomas R. Grady*
Thomas R. Grady, Esq.
Fla. Bar No. 350702
720 Fifth Avenue South, Suite 200
Naples, Florida 34102
trgrady@gradylaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on July 11, 2025, by the Court's CM/ECF electronic noticing system to all parties receiving electronic noticing.

/s/ *Guy M. Burns*
Guy M. Burns

*#10862775.1*

3