UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 25-20017-CIV-MARTINEZ

MELANIE DAMIAN, in her capacity as a
court-appointed Receiver, on behalf of
Surge Capital Ventures, LLC and others
similarly situated,

   Plaintiff,

v.

DEEL, INC., DPAYMENTS, LLC, and
JEREMY BERGER,

   Defendants.
_____/

## AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants Deel, Inc.'s ("Deel"), DPayments, LLC's ("DPayments"), and Jeremy Berger's Motion to Dismiss ("Motion"), (ECF No. 14). The Court has reviewed the Motion, Plaintiff's Response in Opposition, (ECF No. 22), Defendants' Reply, (ECF No. 23), Defendants' Notice of Supplemental Authority, (ECF No. 24), Plaintiff's Notice of Supplemental Authority, (ECF No. 28), Defendants' Response to Plaintiff's Notice of Supplemental Authority, (ECF No. 30), the record, relevant law, and is otherwise fully advised. After careful consideration, and for the reasons stated herein, the Motion is **GRANTED**.

### I.  BACKGROUND

Plaintiff, Melanie Damian, in her capacity as court-appointed Receiver for Surge Capital Ventures LLC ("Surge") and on behalf of all others similarly situated, filed this class action against Defendants Deel, DPayments, and Berger. (Compl., ECF No. 1). Plaintiff alleges one count of operation of a Racketeer Influenced and Corrupt Organizations ("RICO") enterprise in violation

of 18 U.S.C. §§ 1960 and 1962. (Compl. ¶¶ 146–59). Plaintiff asserts that "Defendants are engaged in a common course of conduct and conspiracy involving interstate commerce and the use of wires to gain market share and generate revenues by avoiding and violating state and federal money transmission and [Bank Secrecy Act ("BSA")/Anti-Money Laundering ("AML")/Office of Foreign Assets Control ("OFAC")] laws and regulations." (*Id.* ¶ 130).

Deel holds itself out to the public as a global service provider of "payroll, compliance, HR and more in 150+ countries." (*Id.* ¶ 18). Deel's website claims that Deel is "global hiring, HR and payroll in just one system," and that "Deel does it all (while keeping you compliant)." (*Id.* ¶ 52). DPayments, a Delaware LLC authorized to do business in Florida, is an affiliated party of Deel. (*Id.* ¶ 8). Berger is an authorized person, affiliated party, and agent of DPayments, and is an affiliated party and employee and/or contractor of Deel. (*Id.* ¶ 9). Plaintiff alleges that Berger, together with Deel, is a control person of DPayments, (*id.*), and that Deel is an affiliated party, control person, and alter ego for both DPayments and Berger, (*id.* ¶ 7).

Plaintiff claims that "Deel has knowingly processed payments and transmitted monies without proper licensing despite these activities requiring money transmission licenses in Florida and other states and requiring implementation of regulator-approved and effective BSA/AML/OFAC policies, procedures and consumer safeguards." (*Id.* ¶ 57). "Defendants did not have all required licenses and related compliance procedures, however, and thereby directly injured the Plaintiff and the Class." (*Id.*). Plaintiff alleges that the acts and omissions of Deel were aided and abetted by DPayments and Berger. (*Id.* ¶ 58). Plaintiff claims that Defendants "all had the common purpose to maximize Deel's revenues and market share by operating with no effective BSA/AML/OFAC or KYC program to protect their U.S. based customers from bad actors engaged in money laundering and evasion of sanctions." (*Id.* ¶ 152).

2

II.    **LEGAL STANDARD**

Article III of the Constitution limits federal courts to deciding "Cases" and "Controversies." U.S. Const. art III, § 2. The case or controversy requirement is satisfied only when a plaintiff has standing. *E.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Even if a party establishes standing, a complaint that fails to state a claim for which relief can be granted warrants dismissal under Federal Rule of Civil Procedure 12(b)(6). At this stage of the case, "the question is whether the complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Worthy v. City of Phenix City, Ala.*, 930 F.3d 1206, 1217 (11th Cir. 2019) (alteration adopted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health and Hum. Servs. For Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Although a complaint need not include detailed factual allegations, a plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

III. DISCUSSION

Defendants argue Plaintiff's Complaint should be dismissed because "Plaintiff's allegations are untethered to any concrete injury, lack the requisite causation, fail to identify a distinct RICO enterprise, and do not plead the predicate acts sufficiently." (ECF No. 14 at 6). The Court need not, and does not, address all these arguments. The Court agrees that Plaintiff does not have standing and fails to identify a distinct RICO enterprise.

A. Plaintiff Lacks Standing

1. Article III Standing

In her Complaint, Plaintiff argues that Surge was injured by Deel's purported lack of proper money transmission licenses. (Compl. ¶ 57). Defendants argue that lack of licensure alone is not sufficient to establish standing. (ECF No. 14 at 6–8). This Court agrees.

The Supreme Court "has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *TransUnion*, 594 U.S. at 426 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)); *see also Spokeo*, 578 U.S. at 341 (observing that "a bare procedural violation, divorced from any concrete harm" cannot "satisfy the injury-in-fact requirement of Article III"). "For standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." *TransUnion*, 594 U.S. at 426–27. "[U]nder Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427 (emphasis in original).

Here, Plaintiff fails to allege in her Complaint how Defendants' lack of licensure harmed Plaintiff or the Class. Defendants' alleged lack of proper licensure, even if wrong or unlawful, is not sufficient to constitute an injury to Plaintiff without more. In Plaintiff's response, she attempts to change the theory presented in the Complaint and argue that Defendants' charge of fees while unlicensed caused injury. (ECF No. 22 at 18–20). However, this theory of injury is not articulated in the Complaint. (*See* Compl.). Further, this argument still does not win the day for Plaintiff because it rests on Defendants' alleged lack of licensure and does not connect Defendants' alleged lack of licensure to a concrete harm or injury. Thus, Plaintiff's alleged harm is not a cognizable injury and does not confer Article III standing. *See TransUnion*, 594 U.S. at 427 ("As then-Judge Barrett succinctly summarized, 'Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions.'") (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 332 (7th Cir. 2019).

## 2. RICO Standing

RICO provides a private cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). To have standing under RICO, a plaintiff must meet two requirements. First, the plaintiff must have suffered "an injury to business or property." *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quotation marks omitted). Second, the asserted injury must have come about "by reason of a violation of [a predicate racketeering act listed in] section 1962 of this chapter." 18 U.S.C. § 1964(c).

Plaintiff fails to meet the first requirement. Instead of alleging specific harm to Surge or any other entity, Plaintiff relies on vague and conclusory allegations, such as the assertion that Plaintiff and the Class "have been injured in their business and property," (Compl. ¶ 158), and

"Defendants did not have all required licenses and related compliance procedures, however, and thereby directly injured the Plaintiff and the Class," (*id.* ¶ 57). These generalized statements of law, without more, cannot sustain a RICO claim and do not support standing. *See Klayman v. Clinton*, No. 15-CV-80388, 2015 WL 10857500, at *6 (S.D. Fla. Aug. 11, 2015). Plaintiff's failure to allege a cognizable injury to business or property renders the Complaint legally insufficient. Thus, Plaintiff's purported harm is not a cognizable injury and does not confer standing.

### B. Plaintiff Has Not Alleged the Existence of a Distinct RICO Enterprise

While the Court could dismiss Plaintiff's Complaint on lack of standing alone, Plaintiff also fails to sufficiently allege the existence of a distinct RICO enterprise, further warranting dismissal.

To state a viable civil claim under RICO, a plaintiff must demonstrate that a defendant operated or managed an enterprise through a pattern of racketeering activity involving at least two predicate acts. *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016). A RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Each party of the enterprise must be separate and distinct from the other. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001) ("[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name."). "Accordingly, legally separate entities—such as corporations or persons—do not necessarily constitute a RICO enterprise by virtue of their interrelationships, even if the parties together engage in fraudulent conduct." *Ray v. Spirit Airlines*, 126 F. Supp. 3d 1332, 1340 (S.D. Fla. 2015) (citing *Boyle v. United States*, 556 U.S. 938, 947 (2009)); *accord Boca Raton Cmty. Hosp., Inc. v. Tenet*

*Healthcare Corp.*, 502 F. Supp. 2d 1237, 1253 (S.D. Fla. 2007) *aff'd sub nom. Boca Raton Cmty. Hosp., Inc. v. Tenet Health Care Corp.*, 582 F.3d 1227 (11th Cir. 2009) ("[M]ere corporate separateness is not necessarily sufficient to establish a distinct RICO person and enterprise."). "The key to distinctness depends less on whether the corporations are separate in the formal legal sense and more on whether the corporations are free to act independently of each other and to advance their own separate interests." *Boca Raton Cmty. Hosp.*, 502 F. Supp. 2d at 1253.

Where all defendants—whether corporate entities or natural persons—act as part of a unified business operation, there is no distinct RICO enterprise. *See, e.g., Lockheed Martin Corp. v. Boeing Co.*, 357 F. Supp. 2d 1350, 1367 (M.D. Fla. 2005) (allegation that a defendant "associated with either its own employees or its own subsidiaries . . . fails to satisfy the distinctness requirement"); *DJ Lincoln Enters., Inc. v. Google, LLC*, No. 2:20-CV-14159, 2021 WL 3079855, at *1 (S.D. Fla. July 21, 2021), aff'd, No. 21-12894, 2022 WL 203365 (11th Cir. Jan. 24, 2022) (dismissing RICO claim where enterprise was comprised of related corporate entities and individuals acting within their roles for the corporation).

Plaintiff's allegations confirm that the purported enterprise is nothing more than Deel and its affiliates acting within a unified and legitimate corporate structure. Plaintiff describes DPayments as an "affiliated party of Deel," (Compl. ¶ 8), and Berger as an "affiliated party, employee and/or contractor of Deel" and an "authorized person and affiliated party for, and agent of, DPayments," (*id.* ¶ 9). Further, Plaintiff alleges that Deel is the alter ego and control person of both DPayments and Berger. (*Id.* ¶ 7). These allegations are fatal to Plaintiff's RICO claim because they describe a unified corporate structure, not a distinct RICO enterprise. *See Ray*, 836 F.3d at 1357 ("plaintiffs may not plead the existence of a RICO enterprise between a corporate defendant and its agents or employees acting within the scope of their roles for the corporation because a

7

corporation necessarily acts through its agents and employees"); *Danny Lynn Elec. & Plumbing, LLC v. Veolia ES Solid Waste Se., Inc.*, No. 2:09CV192-MHT, 2011 WL 2893629, at *3 (M.D. Ala. July 19, 2011) ("a corporation and its associated subsidiaries, employees and agents do not form an enterprise that satisfies the distinctness requirement under RICO."). Thus, Plaintiff fails to sufficiently allege a distinct RICO enterprise.

### IV.  CONCLUSION

Accordingly, Defendants' Motion to Dismiss, (ECF No. 14), is **GRANTED**. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED without prejudice**. This case is **CLOSED**, and any pending motions are **DENIED as moot**. The Court's Order, (ECF No. 59), is **VACATED**.

**DONE AND ORDERED** in Chambers in Miami, Florida this ___ day of October 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record